J-S14015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| KENNETH A. TERRY | : | |
| | : | |
| Appellant | : | No. 1323 MDA 2016 |

Appeal from the Judgment of Sentence June 28, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0001258-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 28, 2017**

Appellant, Kenneth A. Terry, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his guilty plea to one count each of retail theft, criminal conspiracy, possession of an instrument of crime ("PIC"), possession of a controlled substance, and possession of drug paraphernalia.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On February 18, 2016, Joseph Smith, the manager of a Tommy Hilfiger Outlet Store at the Tanger Outlets in Hershey, PA, called the police to report

_____

[1] 18 Pa.C.S.A. §§ 3929(a)(1), 903(c), 907(a), and 35 P.S. §§ 780-113(a)(1) and (a)(32), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

that a man and a woman, later identified as Appellant and Brandy Spells, were acting suspiciously in his store. Mr. Smith told the police that these two persons were taking too many items of clothing into fitting rooms and would get angry when told they could only bring a limited number of items into the fitting rooms at one time. Mr. Smith also said it appeared as though Ms. Spells was attempting to distract Mr. Smith and other store employees from Appellant's activities. At one point, Mr. Smith and another employee observed Appellant placing store merchandise under his coat. Soon after, Ms. Spells approached the register to check out with a few items, and Appellant walked out of the store. The security devices on the clothing under Appellant's jacket triggered the store alarm, and Mr. Smith asked Appellant to step back inside the store with the merchandise.

Instead, Appellant continued out the door to the parking lot and began to place the store merchandise inside a vehicle. Police officers then approached Appellant and informed him that he was being detained for retail theft. The officers handcuffed Appellant, patted him down, and found a metal "V" shaped pry bar, frequently used to remove store security devices from clothing, and a pair of scissors.

Officers located the stolen merchandise in the vehicle: a polo shirt, jeans, a V-neck t-shirt, and a jacket. Mr. Smith confirmed the items were taken from the store and worth $159.67 total. The police arrested Appellant for retail theft and took him to the Derry Township Police Department. At

the police department, Appellant requested the police to ask Ms. Spells to locate Appellant's black bag, which he said contained his gold teeth. An officer retrieved the black bag with Ms. Spells and presented it to Appellant, asking if it belonged to him. Appellant confirmed it was his bag. The police removed a plastic bag from the bag, which contained crack cocaine.

On June 28, 2016, Appellant pled guilty to retail theft, conspiracy to commit retail theft, PIC, possession of a controlled substance, and possession of drug paraphernalia. For retail theft (Count 1), the court sentenced Appellant to sixteen (16) to thirty-six (36) months' incarceration in state prison, with credit for time served from February 19, 2016 to March 3, 2016, and a fine of $300.00, plus court costs. For conspiracy, the court sentenced Appellant to sixteen (16) to thirty-six (36) months' incarceration, concurrent with Count 1, and a fine of $100.00, plus court costs. For PIC, the court sentenced Appellant to sixteen (16) to thirty-six (36) months' incarceration, also concurrent with Count 1, and a fine of $100.00, plus court costs. For possession of a controlled substance, the court sentenced Appellant to twelve (12) months' state probation, also concurrent with Count 1, and a fine of $25.00, plus court costs. For possession of drug paraphernalia, the court sentenced Appellant to twelve (12) months' state probation, also concurrent with Count 1, and a fine of $25.00, plus court costs. The aggregate sentence was sixteen (16) to thirty-six (36) months' incarceration with concurrent probation. In delivering this sentence, the trial

court noted Appellant was facing an aggregate sentence of up to 23 years. Additionally, the trial court remarked that Appellant had a prior record score of five and had been given multiple opportunities over the last several years but continued to show a disregard for the law.

On July 7, 2016, Appellant timely filed a post-sentence motion to modify his sentence, which the court denied on July 11, 2016. Appellant filed a timely notice of appeal on August 9, 2016. On August 10, 2016, the court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied on August 31, 2016. On November 21, 2016, Appellant's counsel filed an **Anders** brief and application to withdraw representation.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders v. California,** 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago,** 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super.

2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *   *   *
>
> Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

---

2 **Commonwealth v. McClendon,** 495 Pa. 467, 434 A.2d 1185 (1981).

on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, counsel filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (*See* Letter to Appellant, dated 11/21/16, attached as Exhibit B to Appellant's Brief.) In the *Anders* brief, counsel provides a summary of the relevant facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

Counsel raises the following issue on Appellant's behalf:

WHETHER THE TRIAL COURT ERRED IN IMPOSING A SIXTEEN TO THIRTY-SIX MONTH INCARCERATION SENTENCE, WHERE THE SENTENCE IS EXCESSIVE AND UNREASONABLE?

(*Anders* Brief at 5).

Essentially, Appellant argues the sentence imposed is manifestly excessive, constitutes too severe a sentence, and is unreasonable. As presented, Appellant's claim implicates the discretionary aspects of his

sentence.[3] *See Commonwealth v. Lutes,* 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at

---

[3] "[W]hile a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado,* 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.* at 363 n.1. Here, Appellant's guilty plea included no negotiated sentence.

that hearing.  ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases."  ***Commonwealth v. Phillips,*** 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).  The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)).

What constitutes a substantial question must be evaluated on a case-by-case basis.  ***Commonwealth v. Paul***, 925 A.2d 825 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). In other words, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002).

Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)). On appeal, this Court will not disturb the judgment of the sentencing court absent an abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843 (Pa.Super. 2006).

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused

its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, …: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

\* \* \*

[W]e reaffirm that the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence. …

**Commonwealth v. Walls**, 592 Pa. 557, 564-70, 926 A.2d 957, 961-65

(2007) (internal quotation marks, footnotes, and citations omitted).

"Generally, Pennsylvania law 'affords the sentencing court discretion to

impose its sentence concurrently or consecutively to other sentences being

imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011) (quoting ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa.Super. 2006)). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute[s] in question...." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.***

In the instant case, Appellant preserved his challenge to the discretionary aspects of sentencing in his post-sentence motion, his Rule 1925(b) statement, and his Rule 2119(f) statement. To the extent, however, Appellant poses a generic claim that the court gave him an excessive and unreasonable sentence, the claim does not raise a substantial question as to the discretionary aspects of sentencing. ***Commonwealth v. Trippett***, 932 A.2d 188 (Pa.Super. 2007).

Moreover, the court stated its reasons for the sentence imposed as follows:

[Appellant] alleges that his sentence of 16 to 36 months of incarceration is excessive and unreasonable. This sentence is not excessive [or] unreasonable. All of [Appellant's] sentences are within the standard range of the sentencing guidelines. …

Nor is the sentence manifestly excessive. Here, [Appellant] was facing an aggregate sentence of up to 23 years as indicated in the Guilty Plea Colloquy that [Appellant] signed. [Appellant] was also asked if he understood the nature of the charges brought against him and he answered "yes." [Appellant] was further asked if he understood the maximum possible penalty listed and whether it was his signature on the guilty plea colloquy. [Appellant] also has a prior record score of five (5). [Appellant] has been given multiple opportunities over the last several years but has shown a complete disregard for the law and continues to commit new crimes.

For the foregoing reasons, it is believed that the judgment of sentence was properly entered.

(Trial Court Opinion, filed September 8, 2016, at 2-3). Further, the court imposed the standard range sentences for Appellant's offenses to run concurrently and gave Appellant credit for time served as to all convictions. We also note Appellant's new offenses constituted probation violations. So under these circumstances, Appellant's bare challenge to the discretionary aspects of sentence fails. Following our independent review of the record, we conclude the appeal is frivolous. *See Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017